# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| ALVERTIS ISBELL d/b/a ALVERT MUSIC, | § § | |
| Plaintiff, | § § | |
| v. | § | Case No. 4:07-cv-146 |
| | § | |
| DM RECORDS, INC., | § § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the court are the "Plaintiff's Motion to Reconsider the Court's Memorandum Opinion and Order Granting Defendant's Motion to Dismiss" (de # 30) and additional responsive briefing submitted by the parties. Having considered the Motion, the arguments presented by the parties and the relevant legal principles, the court is of the opinion that the Motion should be DENIED.

On December 18, 2008, the court signed an order granting the Defendant's Motion to Dismiss based on the Plaintiff's lack of ownership interest in this case. The court found that the Plaintiff had assigned his right to pursue this copyright infringement action to a third party, Bridgeport Music, Inc. Prior to the court's issuance of that order, the Plaintiff had filed a motion to add Bridgeport as a party. Rule 17 provides that dismissal for failure to prosecute an action in the name of the real party in interest is permissible only if "after an objection, a reasonable time has been allowed for the real party in interest" to join the lawsuit. FED. R. CIV. P. 17(a)(3).

In this Circuit, Rule 17 may be invoked to allow such a substitution only where "a plaintiff [had] a reasonable basis for naming the wrong party" at the outset.[1] *Magallon v. Livingston*, 453

---

[1] The court notes here, as it did in its December 18 order, that this action was correctly brought in Isbell's name. The assignment occurred during the pendency of this action. Because Isbell conveyed "all claims for infringement of the copyrights whether *now* or hereafter existing," only then was this action pursued by the wrong party.

F.3d 268, 273 (5th Cir. 2006). Thus, where there is no difficulty in determining which party should prosecute the action, substitution under Rule 17 is inappropriate. *Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). The court found that the Plaintiff's mistake was not reasonable given the clear import of the language used in the contract between he and Bridgeport. The court also found that the Plaintiff did not act within "a reasonable time" in seeking to add Bridgeport to this action. Four months after the Defendant filed its answer in this court and only after the Defendant filed its motion to dismiss did the Plaintiff file its motion to add Bridgeport.

The Plaintiff, citing *Magallon*, argues that the court must provide a reasonable time to allow substitution, which is to commence after deciding the real party in interest issue. The Plaintiff's reading of *Magallon* differs from the court's. The *Magallon* court stated that "[u]nder the circumstances" of that case, the district court should have allowed the real party in interest to join and pursue the case. *Magallon*, 453 F.3d at 273. The court, however, found that the plaintiff's failure to bring the action in the name of the real party in interest was reasonable in light of that party's disputed competence to bring suit. *Id*. Thus, where the circumstances present true difficulty in identifying the real party in interest, the court should consider less drastic alternatives to dismissal, provided that the parties seek substitution within a reasonable time.

The mistake in this case, however was not reasonable. When the Plaintiff conveyed all of his right in the causes of action that could arise out of the copyrights at issue, it should have been at once clear whose action this was. The Plaintiff's subsequent explanations as to what was intended by the contract cannot be used to change the unambiguous language expressed in the contract. *Sulzer Carbomedics v. Or. Cardio-Devices, Inc.*, 257 F.3d 449, 457 (5th Cir. 2001). The court is not inclined to revisit its analysis of the conveyance. As such, the court need not reopen its finding that

the mistake was unreasonable. Accordingly, the court is of the opinion that the "Plaintiff's Motion to Reconsider the Court's Memorandum Opinion and Order Granting Defendant's Motion to Dismiss" (de # 30) should be, and hereby is, DENIED.

    IT IS SO ORDERED.

    **SIGNED this the 23rd day of March, 2009.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE