IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| **ALVERTIS ISBELL d/b/a ALVERT MUSIC,** <br><br> Plaintiff, <br><br> vs. <br><br> **DM RECORDS, INC.,** <br><br> Defendant. | CASE NO. 4:07-cv-00146-RAS |

**DEFENDANT DM RECORDS, INC.'S REPLY TO PLAINTIFF'S RESPONSE TO ORDER REQUESTING FURTHER BRIEFING [DKT 262]**

Defendant, DM Records Inc. ("DM") responds to this Court's request for further briefing as follows:

Overview

The Court first ruled that Samuel Fox's testimony on the subject of the Writer's Contracts was relevant and admissible. The Court then ruled that he could not testify on that subject <u>based solely</u> upon the Court's mistaken belief that DM filed Samuel Fox's report too late and hence, the subject matter of his testimony was limited as a rebuttal witness. The Court has since acknowledged that DM has filed Mr. Fox's report in a timely manner. Plaintiff has used the Court's error as an opportunity to re-argue the admissibility of Samuel Fox's testimony on the subject of the Writer's Contracts. All of Plaintiff's arguments have already been rejected by this Court [DKT 239].

1

I. Background

On October 4, 2011, Plaintiff objected to the proposed testimony of Samuel Fox (*inter alia*) arguing that "Fox's alleged testimony about industry, custom and usage (of setting up publishing companies) and his testimony regarding the Writer's Contracts should be excluded" [DKT 155]. In response to Plaintiff's objections (on one particular objection), DM pointed out (*inter alia*) that DM's expert witness (in part) would testify on the exact same subject as Plaintiff's expert, David E. Altschul, only that Mr. Fox would draw a distinction between common practices in the music industry among small independent record companies (like Bellmark) in setting up publishing companies as compared to the industry custom and practice that Mr. Altschul testified to with respect to large, multinational record companies.

On February 7, 2012, this Court ordered DM (but not Plaintiff) to proffer summaries of its witnesses intended testimony [DKT 242]. The Court ordered that the proffers (shall) include a detailed summary of those portions of the witnesses testimony to which the Plaintiff objected to in Plaintiff's nine Motions in Limine [DKT 179-187] and in the Plaintiff's motion to limit the testimony of Defendant's proposed expert, Samuel Fox [DKT 155].

On February 3, 2012, the Court agreed with DM, only granting Plaintiff's Motion to the "extent Fox's testimony involves purely legal matters and a mere recitation of copyright law. *See Id.* However testimony regarding industry practice sheds light on the intent of parties to a contract and is admissible and relevant testimony, *see Huddleston v. Herman & MacLean*, 640

F.2d 534, 552 (5th Cir. 1981) aff'd in part, rev'd in part on other grounds, 459 U.S. 375, 380 (1983 (allowing an expert to testify regarding industry's customary interpretation of boilerplate contact language)." [DKT 239]

II. <u>Argument</u>

Based upon the Court's prior ruling (*consistent with the holding in Huddleston*) that it was allowing Mr. Fox to testify about the Writer's Contracts, DM assumed that issue was no longer the subject of debate. The Court was correct when it ruled at [DKT 239] that Mr. Fox's testimony on the Writer's Contracts was admissible. Plaintiff's attempt to reargue that portion of the Court's ruling should not be considered.

When DM made the proffer of Mr. Fox's intended testimony, it made the statement at [DKT 248] that Mr. Fox's testimony was intended to rebut Mr. Altschul, merely to (again), demonstrate the relevance and importance of the <u>portion</u> of his intended testimony that dealt with custom and practice of the publishing companies, but there was no intention by DM to limit Mr. Fox's testimony to that one topic, nor to eliminate his testimony on other subject matters, including the Writer's Contracts that the Court had already ruled were to be admitted. So there would be no confusion about <u>all</u> of the subjects of Mr. Fox's testimony, DM attached a copy of Mr. Fox's expert report. At page seven, DM clearly stated, "Attached hereto as **EX "A"** is Fox's detailed expert report which <u>also</u> serves as a summary of his intended testimony".

Plaintiff attempts to mislead this Court on the subject matters of Mr. Fox's intended testimony. The subjects of his intended testimony is clearly set forth in his report and it is not consistent with Plaintiff's representations, to wit: Mr. Fox will not only discuss the distinctions between the use of the © and p (with a circle) symbols among independent record companies (as Plaintiff alleges), but rather, he will discuss customary practices of music publishing and record companies acquiring music publishing right among theses topics discussed in his report.

Plaintiff misrepresents that " in its brief proffer, DM mentions that Fox is intended to rebut Altschul and <u>never mentions any other area of Fox's testimony</u>" [DE 266 at ¶ 4]. Plaintiff ignores the portion of DM's proffer "attached hereto as Ex "A" is Fox's detailed report, which also serves as a summary of his intended testimony." Plaintiff knew each of the subjects of Fox's intended testimony. Plaintiff objected to same and the Court did, (except with respect to testimony that "involves purely legal matters and a mere citation to copyright law") reject Plaintiff's arguments, which are repeated in its reply.

The Court correctly noted at [DKT 262 page two], that DM's choice of language in the proffer [DKT 248][1] was not intended to limit Mr. Fox's testimony, as clearly demonstrated by Mr. Fox's filed expert reports, as well as in the argument in opposite to Plaintiff's Motion in Limine [DKT 158]. By using the word "also" to describe the subjects of Fox's intended testimony, DM clearly established that it did not intend to limit Mr. Fox's testimony to only rebut the subject of Mr. Altschul's testimony regarding custom and practice on publishing companies. Finally, Plaintiff's citation to *Witt v. Chesapeake Exploration, L.L.C* 2:10-cv-22-

---

[1] This version (attached as [DE 248-1] us slightly different from the versions attached to [DE 141-1 and [DE 138 Ex "D"] which are the same version.


...


TJW 2011 U.S. Dist. Lexis 76033, 5-6 (E.D. Tex, July 13, 2011) supports DM's position because all the testimony that Mr. Fox is to give is within the confines of his expert report.

### III.   Conclusion

As demonstrated herein, DM has made a timely notice of all the subjects of Mr. Fox's testimony by including a copy of the report to the Notice of Proffer [DKT 248]. By using the word "also" in the proffer, DM clearly established that it did not intend to limit the subject of the Mr. Fox's testimony to only rebut the subject matter of Mr. Altschul's testimony, but rather to include all of the topics in Mr. Fox's expert report.

DM has acted in good faith in making timely and detailed disclosure of all the subjects of Mr. Fox's intended testimony in accordance with Rule 26 (a) (2) (b) and this Court's Order of February 7, 2012. This Court should not limit DM's opportunity to present Mr. Fox's intended testimony on all the subjects set forth in his report as this Court has ruled are proper.

Dated August 7, 2012.                    Respectfully submitted,

**WOLFE LAW MIAMI, P.A.**
*Counsel for Defendant, DM Records, Inc.*
175 SW 7th Street, Suite 2410
Miami, Florida 33130
Telephone 305.384.7370
Facsimile  305.384.7371
Email:  rwolfe@wolfelawmiami.com

By: *s/ Richard C. Wolfe*
      RICHARD C. WOLFE
      Florida Bar No. 355607

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I have conferred with opposing counsel on August 2, 2012 at 3:00 pm EST, in a good faith attempt to satisfy the meet and confer component of Local Rule CV-7. I properly identified this case and stated that I would be filing a Response to the Order in Support of Defendant's Motion to Correct Manifest Error [DKT 261] (The "Motion). Plaintiff's counsel acknowledges that DM a timely notice of service of Mr. Fox's report and that the Court previously ruled on the admissibility of his testimony yet, Plaintiff opposes the relief sought in the Motion.

<div style="text-align: right;">*s/Richard C. Wolfe*</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of August, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

**Richard S. Busch**, **Esq**.
KING & BALLOW
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201

**William S Helfand, Esq.**
Chamberlain Hrdlicka White Williams & Martin - Houston
1200 Smith Street
Suite 1400
Houston, TX 77002
713/654-9630
Fax: 7136582553
Email: bill.helfand@chamberlainlaw.com

**Jo Esta Hartwick, Esq.**
Stutzman Bromberg Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201
214/969-4916
Fax: 12149694999
Email: hartwick@sbep-law.com

By:/s/  Richard C. Wolfe