IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALVERTIS ISBELL d/b/a | § | |
| ALVERT MUSIC | § | |
| v. | § | Case No. 4:07-cv-146 |
| | § | |
| DM RECORDS, INC. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I explain it to you, but you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of the trial or that I make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are intended only to assist you in understanding the evidence and the parties' contentions and are not evidence of the facts or instructions on the law.

It is your sworn duty as jurors to discuss the case with each other in an effort to reach agreement if you can. Each of you must decide the case for yourself but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because others think differently or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in this case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that are admitted as evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions. Your answers and your verdict must be unanimous. Do not let bias, prejudice or sympathy play any part in your deliberations. A "person" under the law includes but is not limited to any person or entity that is capable of holding a legal or beneficial interest in property. A corporation is a legal entity that, like a person, is capable of holding a legal or beneficial interest in property. A corporation and all other persons are equal before the law and must be treated as equal in a court of justice. You must answer all questions based on a preponderance of the evidence.

A preponderance of the evidence means the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence is the amount of evidence that persuades you that a claim is more likely true than not true. This standard does not require proof to an absolute certainty. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses and all the exhibits received in evidence, regardless of who produced them.

There are two types of evidence that you may consider in properly finding the truth with regard to the facts in this case: direct evidence and indirect evidence. Direct evidence is evidence that is based on personal knowledge or observation, such as the testimony of an eyewitness. Indirect evidence, also called circumstantial evidence, is evidence based on inference and not on personal knowledge or observation. It is proof of circumstances that tend to prove or disprove the existence or nonexistence of other facts. The law generally makes no distinction between direct

and indirect evidence but simply requires that you find the facts from a preponderance of the all the evidence—both direct and indirect.

While you must consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to make from the evidence in this case. Any notes you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during trial. You should keep in mind that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. If a witness has made a misstatement, you need to consider whether this misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or only with an unimportant detail. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary if, after considering all the other evidence, you believe that single witness.

You heard the testimony of Gary Cohen who was presented to you as an expert witness. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon that testimony. In making that decision, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

This is an action for copyright infringement. The Plaintiff in this case is Alvertis Isbell d/b/a Alvert Music. The Defendant in this case is DM Records, Inc. For ease of reference, I will refer to the parties as simply "Plaintiff" and "Defendant." I will refer to the entity Isbell Records, Inc. d/b/a Bellmark Records as "Bellmark Records."

After the presentation of all the evidence, the court made certain rulings based upon evidence presented during the trial. The court found as a matter of law that Plaintiff was and is an owner of a fifty percent interest in the copyright in the musical composition "Whoomp! (there it is)" by Tag Team and an owner of a 33 1/3 percent interest in the copyright in the musical composition "Dazzey Duks" by Duice. The court further found as a matter of law that Defendant does not now have, and it has never had, an ownership interest in the musical composition copyright for "Whoomp! (there it is)". The court found that Emergency Music never owned any portion of "Whoomp! (there it is)", and also determined that, in 1994, Emergency Music terminated a license that allowed it to receive royalties up until that date. As a result, you may not deduct from Plaintiff's damages any amounts related to Emergency Music. In addition, the

court found as a matter of law that Defendant acquired on January 31, 2003 a one-third ownership interest in the musical composition copyright for "Dazzey Duks". However, the court has determined that prior to January 31, 2003, Defendant had no ownership interest in the composition copyright for "Dazzey Duks". Finally, the court found as a matter of law that Defendant has infringed Plaintiff's copyright in the musical compositions "Whoomp! (there it is)" and "Dazzey Duks". However, the infringement of Plaintiff's copyright in "Dazzey Duks" ceased on January 31, 2003.

As a result of the court's rulings on the copyright ownership and infringement issues, you, the jury, must determine the damages to which Plaintiff is entitled. It is Plaintiff's burden to prove damages by a preponderance of the evidence. Plaintiff is seeking actual damages for infringement of the composition copyright in "Whoomp! (there it is)" from 1999 to the present and for infringement of the composition copyright to "Dazzey Duks" from 1999 until January 31, 2003.

The law allows a successful plaintiff to recover the actual damages suffered by Plaintiff as a result of the infringement. Actual damages are intended to compensate a copyright owner for losses due to the infringement. Actual damages include any profits Plaintiff may have lost due to the infringement, including but not limited to sales of the copyrighted work, and/or a reasonable license fee that Defendant would have or should have paid for the use. You should broadly construe actual damages to favor victims of infringement, keeping in mind that a principal objective of copyright law is to enable creators to earn a living through the sale or licensing of their copyrighted works.

In addition to actual damages, Plaintiff is entitled to Defendant's profits that are attributable to the infringement to the extent not already taken into account in computing

Plaintiff's actual damages. If Defendant's profits have been accounted for in the award of actual damages, to avoid double recovery, a separate award of Defendant's profits should not be made. In establishing the amount of Defendant's profits, Plaintiff is required to present proof only of Defendant's gross revenue and that there is some reasonable relationship, either direct or indirect, between those revenues and the infringement. Once these two elements are established, the burden of proof then shifts to Defendant reduce this amount. Defendant must then prove, by a preponderance of evidence, the amount of his deductible expenses, and other elements of profit attributable to factors other than the infringement.

In other words, you are to calculate the profits attributable to the infringement as Defendant's gross revenues proven by Plaintiff, less the costs and other elements that Defendant proves are related to factors other than infringement. Such costs and other deductible amounts may include, for example, a reasonable portion of overhead expenses such as rent, marketing, and other business costs that are related to the production of the infringing product.

Mathematical exactness is not required to apportion profits between those attributable to infringement of the copyright and those attributed to other factors. If you cannot decide with certainty the amount of Defendant's profits from the compositions that are attributable to factors other than infringement, you should make a reasonable approximation of that amount. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that a party prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

With respect to the calculation of actual damages, you are instructed that Defendant has agreed that the distinction between Gary Cohen's damages calculations and David Watson's

damages calculations is that Mr. Watson did not include the dollar amount that would have gone to Emergency Music had Emergency Music owned a share of "Whoomp! (there it is)", and Mr. Watson did not include the dollar amount that was attributable to Tag Team Music. Further, Defendant agrees that the accounting documents relied upon by both Gary Cohen and David Watson are the same.

Alternatively, a copyright owner may elect to recover statutory damages for each infringed work that was timely registered. Within certain limits that I will describe below, the statute gives you broad discretion to determine the amount of statutory damages that you find to be fair in light of the evidence presented. In deciding what amount is fair, you should take into consideration the purposes and factors that I will describe to you.

The general purposes of statutory damages include the following:

1) relieving copyright owners of the often difficult burden of proving their actual damages and the defendant's profits;

2) providing adequate compensation to the copyright owner and disgorgement of the infringer's benefits from infringement;

3) deterring the infringer and others similarly situated from future infringement; and

4) where appropriate, punishing the infringer.

Thus, statutory damages are available without proof of Plaintiff's actual damages, Defendant's profits, or other direct economic effects of the infringement.

Each timely registered, infringed work is entitled to one award of statutory damages within a certain range specified by Congress, which I will provide to you in a moment. You must make one and only one award of statutory damages for each "work" infringed. This remains true no matter how many infringing copies have been made. In this case you are to regard each musical composition as a "work" for purposes of statutory damage awards.

In awarding statutory damages, for each infringed work you are to choose one of three categories, depending upon your determination of Defendant's state of mind: 1) innocent infringement; 2) willful infringement; or 3) infringement that was neither innocent nor willful. As I will describe, each category has an associated range of statutory damages, and you must determine the award that is just under the circumstances within the range for the applicable category.

You have wide discretion in setting the amount of statutory damages, using the factors I will give you as guidance, as long as you do not go below or above the statutory range applicable to each work. For example, even if you find that the infringement was willful, you need not award the statutory maximum. Similarly, even if you find the infringement was innocent, you need not award the statutory minimum. There are many facts and considerations that could impact your determination of the amount of statutory damages in a given case. In this case you are the ultimate judge of the facts and the appropriate award within the statutory ranges. The following are some of the factors that may help guide your assessment of an appropriate award, and you may consider any or all of them:

1) the revenues, if any, lost by Plaintiff as a result of Defendant's infringement;

2) the expenses saved or profits reaped by Defendant in connection with the infringement;

3) other benefits that infringement may have provided to Defendant;

4) the value and/or nature of Plaintiff's copyrights;

5) the duration and scope of infringement;

6) the need to deter Defendant and others similarly situated from committing future copyright infringements;

7) the Defendant's financial situation;

8) the number of works infringed and number of awards made (that is, the overall result);

9) the Defendant's state of mind, including innocence or willfulness; and

10) in the case of willful infringement, the need to punish Defendant, if you find punishment appropriate under the facts.

An infringement is innocent if Defendant was not aware, and had no reason to believe, that his acts constituted an infringement of copyright. It is Defendant's burden to prove, by a preponderance of the evidence, that his infringement was innocent. The level of sophistication of Defendant in business is a factor you may consider in determining Defendant's state of mind, including whether Defendant's infringement was innocent. If you find that the infringement of a work was innocent, you must award between $200 and $30,000 for each work so infringed.

An infringement is willful if Defendant had actual knowledge that it was infringing Plaintiff's copyright or acted in reckless disregard of that right. It is Plaintiff's burden to prove, by a preponderance of the evidence, that the infringement was willful. You need not find that Defendant acted maliciously to find willful infringement. Also, you may infer Defendants state of mind, including reckless disregard, from its conduct. Evidence of whether Defendant received legal advice that its activities were or were not infringing may be considered in deciding whether it engaged in willful infringement. Defendant claims that it was relying on advice from his attorney to support his allegation that infringement was not willful. Following advice of counsel in good faith, if proven by a preponderance of the evidence, is inconsistent with willfulness. Good faith includes, prior to committing infringement, consulting with an attorney whom Defendant reasonably considered competent, making a full and accurate report to the attorney of all material facts of which Defendant was aware, and then acting in accordance with the advice or opinion given by that attorney. Whether counsel's opinion was legally correct is relevant to your consideration, but should not control your decision. Your focus should instead be whether,

under all the circumstances, the Defendant was reasonable in relying upon the opinion. You may also disregard the opinion if the attorney did not investigate the facts that a reasonable attorney would investigate, or if there are other bases indicating an improper foundation for the opinion. The written opinion may also be incompetent on its face if it contains merely conclusory statements without discussion of the facts or presents a superficial analysis. You are to consider all of the facts and circumstances, and in particular any notice that Defendant had of the copyright. If you find by a preponderance of the evidence that the infringement was willful, you must award between $750 and $150,000 for each work so infringed.

If you find that the infringement was neither innocent nor willful, you must award between $750 and $30,000 for each work so infringed.

You should not interpret the fact that I have given you instructions about willful infringement as an indication in any way that I believe Defendant has or has not willfully infringed Plaintiff's copyrights. I am instructing you on willful infringement only so that you will have guidance in the event that you decide that Defendant has willfully engaged in copyright infringement.

After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question. If you want to communicate with me at any time, please give a written message to the courtroom security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your questions and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

You may now retire to the jury room to conduct your deliberations.

Signed this the 12th day of September, 2012.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ALVERTIS ISBELL d/b/a | § | |
| ALVERT MUSIC | § | |
| v. | § | Case No. 4:07-cv-146 |
| | § | |
| DM RECORDS, INC. | § | |

## VERDICT FORM

We, the jury, find as follows:

### QUESTION NO. 1

What amount of actual damages and profits, if any, is Alvertis Isbell d/b/a Alvert Music entitled to recover for infringement of the copyright in the musical composition "Whoomp! (there it is)"?

_____

### QUESTION NO. 2

Do you find you that infringement of the copyright in the musical composition "Whoomp! (there it is)" by DM Records, Inc. was willful?

_____ YES

_____ NO

### QUESTION NO. 3

What amount of statutory damages is Alvertis Isbell d/b/a Alvert Music entitled to recover for infringement of the copyright in the musical composition "Whoomp! (there it is)"?

_____

## QUESTION NO. 4

What amount of actual damages and profits, if any, is Alvertis Isbell d/b/a Alvert Music entitled to recover for infringement of the copyright in the musical composition "Dazzey Duks"?

_____

## QUESTION NO. 5

Do you find you that infringement of the copyright in the musical composition "Dazzey Duks" by DM Records, Inc. was willful?

_____ YES

_____ NO

## QUESTION NO. 6

What amount of statutory damages is Alvertis Isbell d/b/a Alvert Music entitled to recover for infringement of the copyright in the musical composition "Dazzey Duks"?

_____

Date: _____      Signed: _____
                                           Foreperson

13