IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **ALVERTIS ISBELL d/b/a ALVERT MUSIC,** <br>         **Plaintiff,** <br><br> v. <br><br> **DM RECORDS, INC.,** <br><br>         **Defendant.** | **CASE NO. 4:07-cv-00146-RAS** <br> **(Judge Schell/Judge Bush)** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RENEWED MOTION FOR ATTORNEYS' FEES AND PRE-JUDGMENT INTEREST**

Defendant DM Records, Inc. ("DM Records"), by and through its undersigned counsel, hereby files its Opposition to Plaintiff's Memorandum in Support of his Renewed Motion for Attorneys' Fees and Pre-Judgment Interest. In support thereof, DM Records states:

### A. STATEMENT OF FACTS

On March 12, 2015, Plaintiff filed his Memorandum in Support of his Renewed Motion for Attorneys' Fees and Pre-Judgment Interest (the "Motion") [DE 365]. Plaintiff previously sought $983,180 in attorneys' fees and $197,940.92 in costs for a total of $1,181,120.90 [DE 308]. DM Records filed an opposition to the first motion for fees [DE 311] as well as a sur-reply [DE 319]. DM Records incorporates the aforementioned opposition and sur-reply fully herein.

The instant Motion now seeks an additional $63,030 in attorneys' fees and $58,486.86 in costs relating to post-trial motions and the appeal of this Court's judgment [DE 365]. However, Plaintiff has failed to attach an itemized bill of costs or any other declaration or affidavit of costs sufficient to allow the Defendant or this Court to determine which of the claimed costs may be

allowable under 28 U.S.C. §§1920 and 1924. The only information provided about costs is the unsworn expense listing at the end of each of the bills. To the degree that one can ascertain the nature of the claimed "costs," it is obvious that the huge majority of the claimed "costs" are not allowable under applicable law.

### B.  PLAINTIFF IS NOT ENTITLED TO AN AWARD FOR THE COSTS SOUGHT

Pursuant to 28 U.S.C. §1920,

> [a] Judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A **bill of costs shall be filed** in the case and, upon allowance, included in the judgment or decree. (emphasis added).

"The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs." *Honestech, Inc. v. Sonic Solutions*, 725 F.Supp.2d 573 (W.D. Texas 2010) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). Plaintiffs did not attach a bill of costs, as is required by 28 U.S.C. §1920 nor did they include an affidavit of costs as is required by 28 U.S.C. § 1924.

The "costs" at the end of the bills include such vague items as $15,015.00 for "client expenses," with absolutely no explanation as to what those expenses represent [DE 308-1, p. 168]. "Expert fees and expenses" are claimed, but entirely unexplained as to which expert, what service, etc, totaling $28,680.54, [DE 365-2, p. 3, 10]. In this Motion Plaintiff is seeking

"additional fees and expenses relating to his responses to post-trial Motions filed by Defendant…and for defending this Court's judgment on appeal." [DE 365, p. 2]. The Plaintiff fails to provide any evidentiary support for the reasonableness of these fees and why he would need to retain experts for the purpose of responding to post-trial motions and defending an appeal. Therefore, DM Records submits that these amounts are excessive.

Also buried among the "costs" are local counsel fees and expenses of $3,956.00, [DE 365-2, p. 3] but no explanation for the time spent or charges made whatsoever. This disguised attempt to recover attorneys' fees without complying with the clear requirements for demonstrating the reasonableness of such billing should not be permitted.

It should also be noted that the claimed "costs" include many unallowable entries for such items as "outside copying charges" in a total amount of at least $5,831.02 [DE 365-2, p. 3, 8], air fare in a total amount of at least $120.00 [DE 365-2, p. 3], photocopies in a total amount of at least $760.20 [DE 365-2, p. 3, 8, 10, 12, 17, 19, 22] and Research Lexis-Nexis and Westlaw in a total amount of at least $975.29 [DE 365-2, p. 3, 12, 15, 17, 19, 22]. These categories of unallowable "costs" are joined with monthly charges for telephone, scanning, shipping and fax charges, none of which should be allowed. In addition, court reporting costs in a total amount of at least $1,411.00 [DE 365-2, p. 3] are claimed, without the required explanation as to whether the depositions or transcripts were necessarily obtained for use in the post-trial motions or appeal. These items alone amount to more than $9,097.51 in unallowable cost claims. It is obvious why no bill of costs was prepared – any bill of costs would have clearly revealed that such "costs" as are claimed are not costs at all. As it stands, the allowance of any costs beyond costs of public record such as filing fees and issuance of process would be reversible error on

this record.

In *Javelin Investments, LLC. v. McGinnis*, 2007 WL 1003856 at *4 (S.D.Tex. March 30, 2007), the court expressly found that 17 U.S.C. § 505 does not authorize the recovery of costs other than those enumerated in 28 U.S.C. § 1920. *See also Herkner v. Argo-Tech Corp. Costa Mesa,* 2008 WL 2838115 at *5 (S.D. Tex. July 21, 2008); *Honestech, Inc. v. Sonic Solutions*, 725 F.Supp.2d 573 (W.D. Texas 2010). Though the *Javelin* court did find that computer aided research charges could "arguably" be recoverable as attorneys' fees, the court denied the award in the absence of proof of payment by the law firm to a third party provider. *Javelin*, 2007 WL 1003856, at *4. In addition, the court found that the claimants were "not entitled to recover their expert witness expenses … as an element of either costs or fees." *Id*. In this case in which expert billing is claimed without any explanation of who, what, when or where, the expert witness expenses should be excluded in their entirety.

### C. CONCLUSION

WHEREFORE, DM Records respectfully requests that this Court enter an Order denying Plaintiff's Memorandum in Support of his Renewed Motion for Attorneys' Fees and Pre-Judgment Interest, together with such other and further relief as to this Court appears just and proper.

Dated: April 20, 2015

By: /s/ Connis O. Brown, III
Connis O. Brown, III, Esq.
cbrown@brownrobert.com
Florida Bar No. 641960
*Admitted Pro Hac Vice*
Seth P. Robert, Esq.
srobert@brownrobert.com
Florida Bar No. 145696
*Admitted Pro Hac Vice*
Brown Robert, LLP
150 N. Federal Hwy. Ste. 200
Fort Lauderdale, Florida 33301
Telephone: (954) 832-9400
Facsimile: (954) 832-9430

Richard C. Wolfe, Esq.
Florida Bar No. 355607
*Admitted Pro Hac Vice*
175 Southwest 7th St., Ste. 2410
Miami, Florida 33120
Telephone: (305) 384-7370
Facsimile: (305) 384-7371
rwolfe@wolfelawmiami.com

**Jo Esta Hartwick, Esq.**
Stutxman Bromberg Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201
Telephone: (214) 969-4916
Facsimile: (214) 969-4999
hartwick@sbep-law.com

*Attorneys for Defendant DM Records, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of April, 2015 I electronically filed the foregoing document and attachments with the Clerk of the Court using the ECF System which sent notification of such filing to the following:

**Richard S. Busch, Esq.**
King & Ballow
1100 Union Street Plaza
315 Union Street
Nashville, TN 37201
Telephone: (615) 259-3456
Facsimile: (615) 726-5417

**William S. Helfand, Esq.**
Chamberlain Hrdlicka White Williams & Martin – Houston
1200 Smith Street
Suite 1400
Houston, TX 77002
Telephone: (713) 654-9630
Facsimile: (713) 658-2552
bill.helfand@chamberlainlaw.com

By: /s/ Connis O. Brown, III

Connis O. Brown, III, Esq.
cbrown@brownrobert.com
Florida Bar No. 641960
*Admitted Pro Hac Vice*
Seth P. Robert, Esq.
srobert@brownrobert.com
Florida Bar No. 145696
*Admitted Pro Hac Vice*
Brown Robert, LLP
150 N. Federal Hwy. Ste. 200
Fort Lauderdale, Florida 33301
Telephone: (954) 832-9400
Facsimile: (954) 832-9430

Richard C. Wolfe, Esq.
Florida Bar No. 355607
*Admitted Pro Hac Vice*
175 Southwest 7th St., Ste. 2410
Miami, Florida 33120
Telephone: (305) 384-7370
Facsimile: (305) 384-7371
rwolfe@wolfelawmiami.com

**Jo Esta Hartwick, Esq.**
Stutxman Bromberg Esserman & Plifka
2323 Bryan Street, Suite 2200
Dallas, TX 75201
Telephone: (214) 969-4916
Facsimile: (214) 969-4999
hartwick@sbep-law.com

*Attorneys for Defendant DM Records, Inc.*